### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DERRICK WHIPKEY,**            )<br>                                                      )<br>             **Plaintiff,**            )<br>                                                      )          CIVIL ACTION<br>**v.**                                                )<br>                                                      )          No. 05-2281-CM<br>                                                      )<br>**CENCON L.L.C.,**                      )<br>                                                      )<br>             **Defendant.**          )<br>                                                      ) | |

### MEMORANDUM AND ORDER

Plaintiff, a former employee of defendant, seeks relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Kansas common law. Plaintiff claims that defendant wrongfully terminated him because he requested that defendant pay him for travel time. Plaintiff also seeks unpaid travel time for the days that defendant did not compensate him. Defendant responds that it properly compensates its employees according to the FLSA, and therefore is not liable to plaintiff for unpaid travel time. The case is before the court on Defendant's Motion For Partial Summary Judgment (Doc. 15). In its motion, defendant requests that the court grant summary judgment because (1) travel time is not, as a matter of law, compensable; and (2) plaintiff's wrongful termination claim under Kansas law is preempted by federal law. Defendant also seeks summary judgment on any claim that plaintiff intended to make on behalf of other employees, but plaintiff clarified in his response to the motion that he is not making such a claim. For the following reasons, the court grants defendant's motion in part and denies it in part.

**I.      Facts**[1]

Defendant is a utility contractor primarily in the business of telecommunication services. Plaintiff began working as a utilities technician for defendant on April 1, 2005. In this capacity, plaintiff was responsible for supervising and assisting in the installation of communication cables.

Defendant's technician crews sometimes travel to job sites away from defendant's premises. Defendant uses company-owned vehicles to transport tools and equipment to its job sites. Although defendant contends that its employees are not required to ride to the job site in a company vehicle, plaintiff claims that he was told that he was required to ride in company vehicles. He further claims that at times, he was required to load and unload company supplies and equipment from the vehicles. And when the vehicles returned to defendant's offices at the end of the day, plaintiff claims that he sometimes was assigned tasks such as unloading the tools and equipment, and cleaning and servicing the vehicles. Defendant does not compensate employees for travel time unless the return trip to defendant's offices is made prior to the conclusion of the work day.

On May 19, 2005, plaintiff contacted an investigator from the Department of Labor to inquire about the rules regarding compensation for travel time. He then claimed his travel time on his time card, and told his supervisor that defendant was required to pay him for his travel time. On May 23, 2005, defendant terminated plaintiff's employment.

**II.     Summary Judgment Standard**

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ.

---

[1] The court construes the facts in the light most favorable to plaintiff as the non-moving party pursuant to Fed. R. Civ. P. 56. The court has included only those facts which are relevant, material, and properly supported by the record.

P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

**III.    Discussion**

*A.     Compensability of Plaintiff's Travel Time*

The first question before the court is whether the FLSA requires defendant to compensate its employees for time spent returning to defendant's premises as passengers in a company vehicle after the conclusion of the workday. Under the FLSA, employers generally must pay employees a minimum wage for a forty-hour work week and overtime for hours worked in excess of forty hours. *United Transp. Union Local 1745 v. City of Albuquerque*, 178 F.3d 1109, 1116 (10th Cir. 1999).

> Under the Portal-to-Portal Act, employers are not obligated to compensate employees for "walking, riding or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform," as well as "activities which are preliminary or postliminary to said principal activity or activities," where such "traveling" or "activities" "occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities."

*Id.* (quoting 29 U.S.C. § 254(a)). Travel that is part of the employee's principal activity, however, is compensable. *Id.* The test to determine whether something is part of the employee's principal activity is whether the activity is so closely related to the work which he performs that it must be considered integral and indispensable. *Crenshaw v. Quarles Drilling Corp.*, 798 F.2d 1345, 1350 (10th Cir. 1986). In *D A & S Oil Well Servicing, Inc. v. Mitchell*, the Tenth Circuit held that employees be compensated when they transported equipment needed to service oil wells. 262 F.2d 552, 555 (10th Cir. 1958). On the other hand, in *United Transportation Union Local 1745 v. City of*

-3-

*Albuquerque*, the court noted that "commuting to work is not compensable merely because the employee uses his employer's vehicle." 178 F.3d at 1117. The court decides each case upon its particular facts and circumstances. *Crenshaw*, 798 F.2d at 1350.

The facts relevant to this issue are controverted. Defendant claims that it does not require its employees to ride as passengers to job sites; rather, rides are permitted only for the employees' benefit. Defendant argues that plaintiff's activities at defendant's premises after the workday was concluded were not so closely related to defendant's principal activity that they are considered integral and indispensable. And, according to defendant, plaintiff was free to read, sleep, or do anything he wanted during the ride to the company premises.

Plaintiff claims that defendant required him to report to the workplace, load equipment and tools into the company vehicle, ride to the job site, work at the job site, reload the equipment, ride back to defendant's headquarters, unload the equipment, and clean and re-fuel the vehicle. In other words, plaintiff argues that his work day began with loading the company vehicle and did not end until he unloaded or serviced the company vehicle at defendant's place of business.

The court finds that summary judgment is not appropriate on this claim. A reasonable jury, looking at the evidence in a light most favorable to plaintiff, could find that plaintiff should be compensated for travel time.

### B.     *Preclusion of Wrongful Termination Claim*

The second question presented is whether plaintiff's state law wrongful termination claim is precluded by the FLSA. Defendant argues that pursuant to Kansas law, plaintiff cannot assert a wrongful termination claim because the FLSA provides a specific remedy. Plaintiff's state law wrongful termination claim, which is Count III of his complaint, mirrors his FLSA retaliation claim, which is Count II of his complaint. In both claims, plaintiff alleges that defendant terminated him

because he demanded that defendant pay wages and overtime "as required by law."

The Tenth Circuit has held that the FLSA provides an adequate remedy for wrongful termination.  *See, e.g., Conner v. Schnuck Mkts., Inc.*, 121 F.3d 1390, 1399 (10th Cir. 1997); *see also Scott v. Topeka Performing Arts Center, Inc.*, 69 F. Supp. 2d 1325, 1330 (D. Kan. 1999); *Conner v. Schnuck Mkts., Inc.*, 906 F. Supp. 606, 615 (D. Kan. 1995); *cf. Hammond v. Lowe's Home Ctrs., Inc.*, 316 F. Supp. 2d 975, 979 (D. Kan. 2005).  Where federal law provides an adequate remedy, state public policy claims are precluded as a matter of law.  *Polson v. David*, 895 F.2d 705, 709-10 (10th Cir. 1990).  The provisions of the FLSA applicable in this case allow for several remedies, including employment, reinstatement, payment of wages lost, liquidated damages, attorney fees, and costs.  *See* 29 U.S.C. § 216(b).  The court finds the remedies provided under the FLSA adequate, and that summary judgment is appropriate on this claim.  Plaintiff's common law wrongful termination claim is therefore dismissed.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Partial Summary Judgment (Doc. 15) is granted in part and denied in part.

Dated this 21st day of August 2006, at Kansas City, Kansas.

           **s/ Carlos Murguia**
           **CARLOS MURGUIA**
           **United States District Judge**